UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>              Plaintiff,<br><br>      v.<br><br>CHRISTINA MADARIAGA, and SIELA MADARIAGA,<br><br>              Defendants. | No. 2:19-cv-2432 MCE DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Defendant Christina Madariaga is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). (ECF No. 11.) Pending before the undersigned is plaintiff's motion for a preliminary injunction. (ECF No. 22.) For the reason explained below, the undersigned recommends that plaintiff's motion for a preliminary injunction be denied.

## BACKGROUND

Plaintiff Freedom Mortgage Corporation ("FMC") commenced this action on December 4, 2019, by filing a complaint and paying the applicable filing fee. The complaint alleges that on October 2, 2015, plaintiff became the loan servicer for a note secured by deed of trust for real property owned by defendant Christina Madariaga and defendant Siela Madariaga. (Compl (ECF

1

No. 1) at 1-2.[1]) The real property is located in Stockton, California. (Id. at 2.) In June of 2019, defendants made a payment to FMC in the amount of $4,232.59. (Id.) Thereafter, defendants requested a payoff quote. (Id.) Defendants sold the real property on June 11, 2019. (Id. at 3.) However, prior to the sale defendants rescinded the $4,232.59 payment. (Id. at 2.)

Old Republic National Title Insurance Company ("Old Republic") wired FMC the proceeds from the sale of the property, $114,568.37. (Id. at 3.) However, these funds were insufficient to pay off defendants' loan due to the rescinded $4,232,59 payment. (Id.) Defendants called FMC and misled FMC into believing that the $114,568.37 needed to be returned to Old Republic. (Id.) Defendants provided FMC with wiring instructions to an account with Wells Fargo. (Id.) FMC, however, noticed that the bank that initiated the funds transfer was Bank of the West and contacted defendants. (Id.)

Thereafter, defendants provided new wiring instructions for an account at Bank of the West. (Id.) FMC transferred the funds to the account at Bank of the West believing that the funds were going to Old Republic. (Id.) Instead, defendants "were the beneficiary of the Bank of the West account number that was provided." (Id.) Although the property has been sold to a third party and defendants have no interest in the property, defendants have refused to acknowledge their actions or return the funds. (Id. at 4.)

Based on these allegations the complaint alleges causes of action for conversion, unjust enrichment, fraud, and civil theft.[2] (Id. at 4-6.) Defendant Christina Madariaga filed an answer on February 11, 2020. (ECF No. 6.) On June 18, 2020, plaintiff requested entry of default as to defendant Siela Madariaga. (ECF No. 16.) Default was entered as to defendant Siela Madariaga on June 18, 2020. (ECF No. 17.)

On August 12, 2020, plaintiff filed the pending motion for preliminary injunction. (ECF No. 22.) The motion seeks an order requiring defendants to deposit $104,652.53 into the Court's

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Subject matter jurisdiction over these state law claims is premised on the court's diversity jurisdiction. (Compl. (ECF No. 1) at 2.)

registry pending resolution of this action. (ECF No. 22-3 at 2.) After defendant Christina Madariaga failed to file a timely opposition or statement of non-opposition, the undersigned issued an order to show cause and continued the hearing of plaintiff's motion for preliminary injunction to November 13, 2020. (ECF No. 28.)

On November 9, 2020, the undersigned took plaintiff's motion under submission without oral argument pursuant to Local Rule 230(g). (ECF No. 29.) That same day defendant Christina Madariaga filed an untimely opposition to plaintiff's motion.[3] (ECF No. 30.)

## STANDARD

"In order to obtain a preliminary injunction, a party must establish (1) 'that [it] is likely to succeed on the merits,' (2) 'that [it] is likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'that the balance of equities tips in [its] favor,' and (4) 'that an injunction is in the public interest.'" Nationwide Biweekly Administration, Inc. v. Owen, 873 F.3d 716, 730 (9th Cir. 2017) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). "'[A] stronger showing of one element may offset a weaker showing of another,'" however, "[a]ll four elements must be satisfied." hiQ Labs, Inc. v. LinkedIn Corporation, 938 F.3d 985, 992 (9th Cir. 2019) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Moreover, "[a] preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." American Beverage Association v. City and County of San Francisco, 916 F.3d 749, 754 (9th Cir. 2019). And "[t]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

## ANALYSIS

Plaintiff argues that the irreparable harm element is satisfied because "Defendants are unlikely to be able to pay the minimum amount FMC is entitled to[.]" (Pl.'s Mot. PI (ECF No.

---

[3] Defendant's untimely opposition played no role in the analysis found in these findings and recommendations.

3

1  22) at 15.) However, "[p]urely monetary injuries are not normally considered irreparable." <u>Lydo</u>
2  <u>Enterprises, Inc. v. City of Las Vegas</u>, 745 F.2d 1211, 1213 (9th Cir. 1984); <u>see also</u> <u>Sampson v.</u>
3  <u>Murray</u>, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time
4  and energy necessarily expended in the absence of a stay, are not enough."); <u>Minard Run Oil Co.</u>
5  <u>v. U.S. Forest Service</u>, 670 F.3d 236, 255 (3rd Cir. 2011) ("a purely economic injury,
6  compensable in money, cannot satisfy the irreparable injury requirement"); <u>Pyro Spectaculars</u>
7  <u>North, Inc. v. Souza</u>, 861 F.Supp.2d 1079, 1092 (E.D. Cal. 2012) ("economic injury is not
8  considered irreparable, because monetary damages are available as an adequate remedy").

9  Plaintiff acknowledges that "monetary harm is not generally considered irreparable harm,"
10 but asserts that an exception exists for when "damages cannot be recovered." (Pl.'s Mot. PI (ECF
11 No. 22) at 15.) In support of this argument, plaintiff cites to two cases. The first is <u>Oldebrecht</u>
12 <u>Const., Inc. v. Sec'y, Fla. Dep't of Transp.</u>, 715 F.3d 1268 (11th Cir. 2013.) In <u>Oldebrecht</u>,
13 however, the court found the irreparable harm element was satisfied because the law did not
14 allow plaintiff to recover monetary damages. <u>See</u> <u>Id.</u> at 1289 ("Odebrecht has no monetary
15 recourse against a state agency like FDOT because of the Eleventh Amendment.").

16 Plaintiff also cites to <u>Bonds v. Heyman</u>, 950 F. Supp. 1202 (D. D.C. 1997). (Pl.'s Mot. PI
17 (ECF No. 22) at 15.) <u>Bonds</u>, however, involved a 58-year-old plaintiff whose job had been
18 eliminated after working for her employer for 40 years. <u>Id.</u> at 1215. In finding the irreparable
19 harm element had been satisfied the court noted that "it is unlikely [plaintiff] could ever find
20 work approaching what she now does, if she could find work at all." <u>Id.</u> at 1215. The court also
21 noted that the "statutory cap on compensation damages" meant that the plaintiff "could never
22 recover fully for her injuries, should they exceed that amount." (<u>Id.</u> at fn. 15.)

23 In this regard, plaintiff's cited authority concerns cases in which monetary damages were
24 unavailable or insufficient as a matter of law to fully compensate the injured plaintiff. Here,
25 plaintiff simply asserts that the defendants "are unlikely to be able to pay the minimum amount"
26 of damages plaintiff seeks. (Pl.'s Mot. PI (ECF No. 22) at 15.) "That sort of statement can be
27 made by virtually every person who sues another for money damages. Its very ubiquity indicates
28 ////

4

1 why it cannot conceivably be enough to justify the issuance of a prejudgment injunction of this
2 nature." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 163 (1st Cir. 2004).

3 Plaintiff also cites to Philip Morris USA Inc. v. Scott, 561 U.S. 1301 (2010) (Scalia, J. in
4 chambers), which noted that "[i]f expenditures cannot be recouped, the resulting loss may be
5 irreparable." Id. at 1304. And some courts have found "monetary injury may suffice to establish
6 irreparable harm in situations where the party that might ultimately be ordered to pay the
7 monetary damages is insolvent or facing imminent bankruptcy, or is in a perilous financial state."
8 Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F.Supp.2d 186, 194 (S.D. N.Y. 2007)
9 aff'd, 323 Fed. Appx. 36 (2nd Cir. 2009).

10 However, "[a] finding of irreparable harm must be grounded on something more than
11 conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."
12 Charlesbank, 370 F.3d at 162. "An injunction is inappropriate if the possibility of future harm to
13 the plaintiff arising out of the behavior plaintiff seeks to enjoin is purely speculative." Ruffin v.
14 Great Dane Trailers, 969 F.2d 989, 995 (11th Cir. 1992); see also WestLB AG v. BAC Fla. Bank,
15 No. 11 Civ. 5398 (LTS)(AJP), 2012 WL 3135825, at *4 (S.D. N.Y. Aug. 2, 2012) ("The mere
16 possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary
17 injunction."). In this regard, the court in Philip Morris was presented with sufficient evidence or
18 information to conclude that it appeared that "a substantial portion of the fund" at issue would "be
19 irrevocably expended" before the case could be heard. Philip Morris, 561 U.S. at 1304.

20 Here, plaintiff has offered nothing to support the assertion that the defendants might be
21 unlikely to satisfy the damages sought by plaintiff. See Commodities & Minerals Enterprise, Ltd.
22 v. Citibank, N.A., Case No. 12-22333-CIV-UNGARO/TORRES, 2012 WL 12844749, at *5
23 (S.D. Fla. Aug. 16, 2012) ("The possibility that Gretchen/Kyma will be insolvent and unable to
24 pay a future arbitration award is unsupported, speculative, and does not constitute irreparable
25 harm."); WestLB AG v. BAC Fla. Bank, No. 11 Civ. 5398 (LTS) (AJP), 2012 WL 3135825, at
26 *5 (S.D. N.Y. Aug. 2, 2012) ("the Court finds that USMF has failed to proffer evidence sufficient
27 to meet the high standard required to satisfy a finding of current or imminent insolvency");
28 Meringolo v. Power2ship, No. 03 Civ.4476 PKL, 2003 WL 21750009, at *5 (S.D. N.Y. July 28,

5

2003) ("The plaintiff has, at most, shown that there is a possibility that the company may be insolvent by the time this case is fully litigated, however, that mere possibility is speculative and cannot satisfy his burden to show that plaintiff is likely to suffer irreparable harm if equitable relief is denied.").

Accordingly, for the reasons stated above, the undersigned finds that plaintiff has failed to make a showing of irreparable harm and recommends that plaintiff's motion for preliminary injunction be denied.[4]  See Roland Machinery Co. v. Dresser Industries, Inc., 749 F.2d 380, 389 (7th Cir. 1984) ("The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's August 12, 2020 motion for a preliminary injunction (ECF No. 22) be denied.[5]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure

////

////

////

---

[4] Having found that plaintiff has failed to satisfy the element of irreparable harm, the undersigned need not consider the remaining elements.  See Northeastern Fla. Chapter of Ass'n of General Contractors of America v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) ("We need not address each element because we conclude that no showing of irreparable injury was made."); Fox Broadcasting Co. Inc. v. Dish Network, L.C.C., 905 F.Supp.2d 1088, 1111 (C.D. Cal. 2012) ("Having determined that Fox has failed to establish that it is likely to suffer irreparable harm in the absence of an injunction, the Court need not determine whether the balance of hardships tips in Fox's favor or whether an injunction is in the public interest.").

[5] In the event these findings and recommendations are adopted in full, the undersigned will issue an order setting this matter for a Status (Pretrial Scheduling) Conference.

to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 18, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\freedom2432.pi.f&rs