UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA MADARIAGA, and SIELA MADARIAGA,<br><br>Defendants. | No. 2:19-cv-2432 MCE DB PS<br><br>ORDER |

## **STATUS & PRETRIAL SCHEDULING ORDER**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

////

////

////

On May 28, 2021, this matter came before the undersigned for hearing of plaintiff's motion for summary judgment and for a Status (Pretrial Scheduling) Conference.[1] Attorney Danielle Mayer appeared Zoom on behalf of the plaintiff. Defendant Christian Madariaga appeared via Zoom pro se. After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Service of process has been completed. No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction over this action is predicated on the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant does not dispute either jurisdiction or venue and both appear to be proper.

**DISCOVERY**

The parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than 28 days from the date of the May 28, 2021 hearing. Plaintiff shall disclose experts no later than **November 26, 2021**. Defendant shall disclose experts no later than **December 10, 2021**. Rebuttal experts shall be disclosed no later than **December 24, 2021**. All discovery is left open, save and except that it shall be so conducted as to be completed by **January 21, 2022**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

////

---

[1] Defendant Christina Madriaga is proceeding in this action pro se. The Clerk entered default as to defendant Siela Madariaga on June 18, 2020. (ECF No. 17.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

**MOTION HEARING SCHEDULE**

All law and motion, except as to discovery, is left open, save and except that it shall be conducted so as to be completed by **March 11, 2022**. The word "completed" in this context means that all law and motion matters must be heard by the above date. The parties are cautioned to refer to the local rules, specifically Local Rule 230, regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. **The parties shall file with the court and serve opposition OR a statement of non-opposition to every properly noticed motion not later than fourteen (14) days preceding the hearing date. Any reply by the moving party shall be filed with the court and served not later than seven (7) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**FURTHER SCHEDULING**

The parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving the Court's ruling(s) on the last filed dispositive motion(s). If the parties do not intend to file dispositive motions, the parties shall file a Joint Notice of Trial Readiness not later than

thirty (30) days after the close of the designation of supplemental expert witnesses and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. The parties' Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimates shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the assigned District Judge will issue an order that sets forth dates for a final pretrial conference and trial. The parties should be prepared to submit discovery documents and trial exhibits electronically in PDF format.

**SETTLEMENT CONFERENCE**

The parties have requested an early settlement conference before the undersigned. A minute order will issue setting the early settlement conference and providing the parties the relevant instructions.

**MISCELLANEOUS PROVISIONS**

With respect to plaintiff's motion for summary judgment, summary judgment is only appropriate "after adequate time for discovery[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986); see also Vance By and Through Hammons v. U.S., 90 F.3d 1145, 1148 (6th Cir. 1996) ("The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery."); Irving v. Philips, Case # 15-CV-6413 FPG, 2017 WL 85427, at *1 (W.D. N.Y. Jan. 10, 2017) ("In those rare cases where summary judgment is appropriate even though no discovery has occurred, it is evident from the face of the complaint that discovery would be futile.").

////

At the May 28, 2021 hearing, plaintiff's counsel acknowledged that the parties in this action have not exchanged initial disclosures, let alone conducted discovery. And plaintiff's motion for summary judgment does not address why this action is the rare case in which summary judgment is appropriate even though no discovery has occurred. Accordingly, plaintiff's motion is denied without prejudice to renewal after the completion of discovery or on a motion that makes the necessary showing.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Initial disclosures shall be made no later than 28 days from May 28, 2021.

2. Plaintiff shall disclose experts no later than **November 26, 2021**.

3. Defendant shall disclose experts no later **December 10, 2021.**

4. Rebuttal experts shall be disclosed no later than **December 24, 2021**.

5. Discovery shall be completed by **January 21, 2022**.

6. All pretrial motions, except motions to compel discovery, shall be completed by **March 11, 2022**.

7. A Final Pretrial Conference date will be set after the resolution of any dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference.

8. Plaintiff's April 15, 2021 motion for summary judgment (ECF No. 35) is denied without prejudice to renewal.

Dated: June 1, 2021

  /s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\freedom2432.sched.ord